**KALVAR CORPORATION**

v.

**The UNITED STATES.**

**No. 249–75.**

United States Court of Claims.

Nov. 15, 1978.

Valentine B. Deale, Washington, D. C., atty. of record, for plaintiff.

Richard J. Webber, Washington, D. C., with whom was Asst. Atty. Gen. Barbara Allen Babcock, Washington, D. C., for defendant.

Before FRIEDMAN, Chief Judge, BENNETT and SMITH, Judges.

## OPINION

PER CURIAM:

This case comes before the court on defendant's motion, filed July 25, 1978, moving that the court adopt the recommended decision of Trial Judge Joseph V. Colaianni, filed June 19, 1978, pursuant to Rule 134(h), as the basis for its judgment in this case since plaintiff has failed to file a notice of intention to except or exceptions thereto and the time for so filing pursuant to the Rules of the court has expired. Upon consideration thereof, without oral argument, since the court agrees with the trial judge's recommended decision, as hereinafter set forth, it hereby grants defendant's motion and affirms and adopts the decision as the basis for its judgment in this case. It is, therefore, concluded as a matter of law that plaintiff is not entitled to recover and, accordingly, plaintiff's petition is dismissed.

## OPINION OF TRIAL JUDGE *

COLAIANNI, Trial Judge: Plaintiff's petition in the above-styled case sought re-

---

* No separate findings are being made since to the extent necessary, all findings are incorporated in the opinion and conclusion of law submitted in accordance with Rule 134(h).

dress for breach of contract. After issue was joined, the parties elected to proceed by cross-motions for summary judgment. During the June 1, 1976, oral argument, defendant, for the first time, contended that plaintiff's breach action was foreclosed by a termination-for-convenience clause[1] which was incorporated by reference into the contract in dispute. Defendant, accordingly, argued that plaintiff's recovery, if any, is governed by the provisions of the termination clause. *John Reiner & Co. v. United States*, 325 F.2d 438, 163 Ct.Cl. 381 (1963), *cert. denied*, 377 U.S. 931, 84 S.Ct. 1332, 12 L.Ed.2d 295 (1964).

In its order of June 8, 1976, the court specifically found that the termination-for-convenience clause was a part of the contract. The court went on to request:

> [T]he parties to submit supplemental briefs to determine: (1) whether defendant had evinced bad faith or a clear abuse of discretion in its actions; and (2) whether plaintiff had incurred any costs that are recoverable under the termination-for-convenience clause. [543 F.2d 1298, 1301, 211 Ct.Cl. 192, 197 (1976).]

The October 20, 1976, opinion concluded that plaintiff had not made a sufficient showing of bad faith or abuse of discretion to avoid the application of the termination-for-convenience clause. The court also easily disposed of plaintiff's claim for cost reimbursement, except as to legal fees.[2] While the court was careful to point out that plaintiff could not recover legal fees generated in the pursuit of its breach of contract suit, the opinion indicated a willingness to compensate plaintiff for the legal expense of preparing the court-ordered supplemental brief since similar costs would have been awarded in an actual termination-for-convenience by defendant.[3] In recognition of the constructive termination-for-convenience that it had fashioned, the court reasoned that it was only fair to allow the contractor the equivalent of the legal expenses it would have incurred in preparing a settlement claim after actual termination.

The court went on to explain what it meant by "legal expenses" in the following language:

> "[L]egal expenses reasonably necessary for the preparation of settlement claims" are the *reasonable attorney's fees which plaintiff incurred in the preparation and filing of* "Plaintiff's Supplemental Statement And Brief," which was filed pursuant to the court's order of June 8, 1976. [Emphasis added.]

Since the record was devoid of evidence on the "cost or reasonableness of the fee," the case was remanded to the Trial Division for further proceedings. Counsel, although unable to amicably resolve the issue, were nonetheless eager to avoid unnecessary litigation costs, and thus agreed to a submission of the case for decision on the basis of the present record,[4] as supplemented by briefs and memoranda.

Plaintiff, pointing, *inter alia*, to the following language of the court's opinion,[5] argues that it is entitled to the reasonable value of the services performed by its counsel:

> [W]e remand the case to the trial judge for a determination of the *reasonable val-*

---

1. 41 C.F.R. § 1-8.701.

2. Plaintiff has always been, and continues to be, represented by Valentine B. Deale, Esq.

3. 41 C.F.R. § 1-8.701(e)(3) provides:
   "(3) The *reasonable costs of settlement, including* accounting, *legal*, clerical, and other expenses reasonably necessary for the preparation of settlement claims and supporting data with respect to the terminated portion of the contract and for the termination and settlement of subcontracts thereunder, together with reasonable storage, transportation, *and other costs*

incurred in connection with the protection or disposition of property allocable to this contract." (Emphasis added.)

4. Counsel particularly emphasized plaintiff's answers to defendant's interrogatories filed October 31, 1977, and plaintiff's June 30, 1976, supplemental statement and brief, plaintiff's June 7, 1976, motion for leave to file posthearing memorandum, and the court's order of June 8, 1976.

5. *Kalvar Corp. v. United States*, 543 F.2d 1298, 1301, 211 Ct.Cl. 192, 197 (1976).

ue of the legal services rendered by plaintiff's attorney in the preparation of its supplemental brief to the Court. [Emphasis added.]

Thus having estimated that between 72 and 90 hours of professional time were spent by Valentine B. Deale, Esq., in the preparation of plaintiff's supplemental statement and brief, plaintiff multiplied the arithmetical average of 81 hours by the $60 rate that it paid counsel for his general legal services and concludes that $4,943.15 is the amount reasonably due it under the court's remand.[6]

Counsel for defendant relies on other language in the court's opinion to argue that plaintiff is entitled to recover only for legal expenses that it actually incurred, and were reasonably necessary, for the preparation and filing of the supplemental brief. Defendant's counsel emphasizes the following language of the court's opinion:[7]

The only costs which plaintiff is entitled to recover as "legal expenses reasonably necessary for the preparation of settlement claims" are the reasonable attorney's fees which plaintiff incurred in the preparation and filing of "Plaintiff's Supplemental Statement And Brief," which was filed pursuant to the court's order of June 8, 1976. [Emphasis added.]

On the basis of answers to its interrogatories, defendant argues that:[8]

(1) Plaintiff incurred no costs for the supplemental brief and thus is not entitled to any recovery; or

(2) Based on a pro rata allocation of the retainer fee between the time spent by Mr.

Deale on the Court of Claims' litigation generally and the time he spent in preparing the supplemental brief, plaintiff should recover no more than $500.

The issues framed by the briefs and memoranda of the parties are (1) whether plaintiff is entitled to recover legal expenses that it has not paid for, and, if so, (2) whether recovery is to be based on a value or cost-incurred basis. For reasons which follow, I conclude that plaintiff has incurred no costs and thus is not entitled to any recovery.

### Relevant Background Facts

The facts relevant to this decision were developed primarily from plaintiff's answers to defendant's interrogatories. Plaintiff's answers show that its counsel, Mr. Deale, was retained for a 15-month period beginning June 1, 1974, to perform various professional services, including the preparation, filing, and handling of plaintiff's breach of contract suit in the United States Court of Claims. Mr. Deale was to receive a fixed fee of $5,000, and a contingency fee of 35 percent of the recovery.[9] Any uncertainty which existed as to whether or not the fixed-fee arrangement covered the professional service fee for preparing the supplemental brief was cleared up by the following response by plaintiff to defendant's interrogatory No. 5:[10]

Plaintiff made no discrete compensation to Mr. Deale for preparing "Plaintiff's Supplemental Statement and Brief." Compensation therefor was generally included in the fees provided for in the retainer agreements between plaintiff and Mr. Deale.

---

6. This figure includes $83.15 for out-of-pocket expenses incurred by counsel in the preparation of the supplemental statement and brief. Although defendant questions whether all of the $83.15 was spent in connection with the supplemental brief, it is willing to allow a "major part" (up to $80).

7. 543 F.2d at 1306, 211 Ct.Cl. at 206.

8. Defendant also argues that the 72–90 hours estimated by counsel for plaintiff as the time spent in preparing the supplemental brief are excessive and that a maximum of 24 hours would be more appropriate.

9. It does not appear from either plaintiff's answers to interrogatories or the attachments thereto, that plaintiff or Mr. Deale envisioned conducting "settlement negotiations" with the contracting officer. Thus, this type of work does not appear to have been within the contemplation of either counsel or plaintiff in arriving at the $5,000 retainer fee.

10. The 15-month period covered by the retainer ran through September 1, 1975, whereas the supplemental brief was not filed until June 30, 1976.

The retainer fee, moreover, was not allocated to any particular service which was to be performed by Mr. Deale, but was to compensate him for legal services performed for plaintiff during the lifespan of its suit in the Court of Claims.

Plaintiff's answers to defendant's interrogatories are also useful in arriving at the time spent by Mr. Deale in pursuing the interests of his client before this court. However, Mr. Deale's diary entries do not show the exact hours that he worked on the supplemental brief since, as he explained, he was working on a fixed-fee plus a contingency-fee basis and the information was obviously not required for billing purposes. The diary entries do, nonetheless, show the particular days he performed work on the brief and the nature of the work. The diary entries relating to work on the brief span some 18 days, including two Saturdays, one Sunday, and one evening, from June 9 to July 1, 1976. Mr. Deale estimates that between 72 and 90 hours were spent in the preparation of the supplement. Aside from its "guesstimate" that 24 hours would be a more realistic figure, defendant does not provide any meaningful basis for challenging the 72- to 90-hour estimate.

Due to the above-referred to financial arrangement between Mr. Deale and plaintiff, the diary records also do not record the number of hours devoted by Mr. Deale to the Court of Claims' litigation. Mr. Deale estimates that he devoted a minimum of 600 hours to this litigation, and defendant does not take exception to the estimate.

Prior to a discussion of the issues, it is appropriate to set forth my understanding of the rationale that prompted the court to remand the case to me for further proceedings. The court, after concluding that defendant had constructively terminated the contract for its convenience, felt that plaintiff should be in at least the same posture in which it would have been had an actual termination-for-convenience occurred. Thus, the court analogized, *see Kalvar, supra,* 543 F.2d at 1306, 211 Ct.Cl. at 206, that plaintiff would be entitled to recover costs resulting from a court-imposed convenience

termination which are similar to the type of termination costs that a contractor would be entitled to in an administrative proceeding.

The best indication of the recovery which the court envisioned is set forth *id.* 543 F.2d at 1306, 211 Ct.Cl. at 206, wherein it states:

Since the constructive termination for convenience limits the contractor to those claims he would have incurred had there been an actual termination, it is only fair to allow the contractor the equivalent of the legal expenses he would have incurred in preparing a settlement claim after actual termination. *In this case, these are the costs Kalvar has incurred as a result of the court's order.* [Emphasis added.]

■ On the basis of the above statements by the court, it becomes fairly easy to now decide the issues before me, and the question of whether plaintiff is entitled to recover for the value of Mr. Deale's services or for the costs it incurred will be initially considered.

Plaintiff, relying upon the following language, argues that it is entitled to $4,943.15:

[W]e remand the case to the trial judge for a determination of the reasonable value of the legal services rendered by plaintiff's attorney in the preparation of its supplemental brief to the court. [543 F.2d at 1301, 211 Ct.Cl. at 197.]

While the above language does appear to indicate that the court is interested in establishing the value of Mr. Deale's services to plaintiff, I feel that a reading of the opinion as a whole, and particularly the previously quoted portion of the opinion that appears at 206, clearly demonstrates that the court is primarily concerned with reimbursing the plaintiff for reasonable attorney's fees that it incurred as a result of the court's order.

Ample support for concluding that plaintiff is entitled to recover only those costs that it actually incurred as distinguished from the value of its attorney's services is found in ASPR § 1–8.701(e)(3). This clause

was incorporated by reference into the contract in dispute and sets forth, in terms of *reasonable costs*, the post-termination recovery allowed a contractor. Additional support is found in a review of relevant termination-for-convenience decisions by various Boards of Contract Appeals and this court.[11]

I thus conclude that plaintiff is entitled to recover only for the legal expenses that it incurred for preparation of its June 30, 1976, supplemental brief.

 Turning now to a consideration of the amount of recovery plaintiff is entitled to under the facts of this case, it should immediately be noted that Mr. Deale has not billed, nor has plaintiff paid, for the preparation of the court-ordered brief. If plaintiff had, for example, submitted evidence to show that it had paid Mr. Deale a fee for the preparation of the supplemental brief, and if the fee was reasonable for the services rendered, that would have ended my inquiry. To the contrary, as previously mentioned, plaintiff's answer to defendant's interrogatory No. 5 clearly states that:

> Compensation therefor [the supplemental brief] was generally included in the fees provided for in the retainer agreements between plaintiff and Mr. Deale.

Thus, since Mr. Deale has not demanded payment and since plaintiff has not made any payment for the brief, plaintiff obviously had not incurred any costs as a result of the court's order and is not entitled to any recovery.[12]

11. The following opinions all speak to fees or invoiced charges: *Acme Process Equipment Co. v. United States*, 347 F.2d 538, 171 Ct.Cl. 251 (1965); *Nolan Bros., Inc.*, 67–1 BCA ¶ 6095, at 28224–25; *Topeka Janitor Service*, 65 BCA ¶ 4911; *Curran Chemical Arms Corp.*, 3 CCF 273.

12. In *Acme Process Equipment Co., supra*, n. 11, 347 F.2d 538, 171 Ct.Cl. at 262–63, the court, in discussing a legal issue not involved in this case, emphasized that a contractor is only entitled to settlement costs "which were actually incurred." This is best brought out by n. 8 where the court indicated that the distinction between the cost for Mr. Solomon's services which were disallowed and Solomon Dimond,

### CONCLUSION OF LAW

For reasons stated in this opinion and the findings of fact incorporated therein, it is concluded that plaintiff has not incurred any cost or expense for the preparation of the June 30, 1976, supplemental statement and brief. Plaintiff is, accordingly, not entitled to any recovery, and the petition is dismissed.

Esq.'s, services which were allowed turns on whether the costs were actually incurred by Acme. Specifically, the court stated:

> "The Government also points to certain similarities between Mr. Dimond's legal services and those of Morris C. Solomon, the cost of which was disallowed by the Commissioner (see fn. 6, *supra*). The essential difference, however, is that Mr. Solomon's services were compensated by an annual retainer fee, which Acme was obliged to pay in any event, while Mr. Dimond was hired by plaintiff specifically for this case. The amounts owing to Mr. Dimond would not otherwise have been incurred."